AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, A
Corporation, Appellant,

v.

Charles WUBBENA and Bette Wubbena,
Individually and as Parents and Natu-
ral Guardians of Mark Wubbena; Mark
Wubbena, A Minor; Jay E. Crisp and
Maurine Crisp, Individually and as Par-
ents and Natural Guardians of Daniel
M. Crisp; and Daniel M. Crisp, A Mi-
nor, Appellees.

No. 91–1760.

Court of Appeals of Iowa.

Dec. 29, 1992.

Larry J. Cohrt of Swisher & Cohrt, Wa-
terloo, for appellant.

Thomas W. Langlas of Gallagher, Lang-
las & Gallagher, P.C., Waterloo, for appel-
lees Wubbena.

James F. Kalkhoff and Thomas L. Staack
of Dutton, Braun, Staack, Hellman & Iver-
sen, Waterloo, for appellees Crisp.

Heard by HAYDEN, P.J., and SACKETT
and HABHAB, JJ.

HABHAB, Judge.

## FACTS

On May 29, 1989, three young boys
(Mark Wubbena, age fifteen; Daniel Crisp,
age thirteen; and Bryan Irvine, age twelve)
were playing in a cemetery immediately
behind the residence of Jay and Maurine
Crisp. The boys were playing together,
scuffling, and shooting cans with a bb gun.
The single-shot bb gun had to be pumped
once each time it was shot.

During the course of one of those scuf-
fles, Mark became angry and said to Dan-
iel, "I'm going to get you." Mark took the
bb gun from Bryan. Daniel ran behind a
very large willow tree which was about
eighty to ninety feet away. Mark shot the
bb gun in the direction of the tree where
Daniel was crouching. When Mark fired
his second shot, he struck Daniel in the eye
causing a severe injury.

Jay and Maurine Crisp, individually and
as parents of Daniel Crisp, commenced liti-
gation against Mark and his parents,
Charles and Bette Wubbena. That action
was assigned Black Hawk County Cause
Number 71680. Discovery depositions
were taken. It remains pending.

The Wubbenas seek coverage for the
Crisps' claims under their homeowners poli-
cy issued by American Family Mutual In-
surance Company. American Family insti-
tuted the instant declaratory judgment ac-
tion requesting the district court to declare
the homeowners policy excludes coverage.
American Family cites an exclusion in its
policy for acts which are expected or in-
tended by any insured to cause bodily inju-
ry. The policy provides in pertinent part:

## EXCLUSIONS–SECTION II

1. Coverage D—Personal Liability and
Coverage E—Medical Expense do not ap-
ply to bodily injury or property damage:

a. which is expected or intended by any insured;

This action was submitted to the district court with a statement by Daniel, exhibits offered by the parties, and depositions taken both in this action and in Black Hawk County Cause Number 71680. The parties dispute whether Mark intentionally injured Daniel.

In its decision finding the American Family policy afforded coverage, the district court found that although Mark intended to fire the bb gun at Daniel, Mark only intended to make Daniel jump or undergo the short-term pain or smart of a bb strike. The district court ultimately found Mark did not intend to injure Daniel.

American Family appeals. We reverse.

## ANALYSIS

American Family argues the district court improperly held its insured was entitled to insurance coverage under their American Family homeowners policy. It contends its insured was excluded from coverage under the exclusion for bodily injury which is "expected or intended by any insured."

■ Turning first to that part of the exclusionary clause relating to intentional injury, our supreme court has held that the intentional injury exclusion is triggered where the insured intended both of the following: (1) to do the act which caused the injury; and (2) to cause some kind of bodily injury. *Amco Ins. Co. v. Haht*, 490 N.W.2d 843, 845 (Iowa 1992); *Altena v. United Fire Casualty Co.*, 422 N.W.2d 485, 488 (Iowa 1988).

The intent to cause the injury may be either actual or inferred. [citation omitted] Intent may be inferred from the nature of the act and the accompanying reasonable foreseeability of harm. [citation omitted] In addition, "once intent to cause injury is found, it is immaterial that the actual injury caused is of a different character or magnitude than that intended." [citation omitted]

*Haht*, at 845 (quoting *Altena*, 422 N.W.2d at 488).

In the recent case of *Haht*, our supreme court ruled the exclusionary provision of the policy for bodily injury which is intended by an insured did not apply and there was coverage under the homeowners policy. In that case, an eleven-year-old boy deliberately struck another child with a thrown baseball after becoming irritated in a neighborhood game. The child died. The insured defended against the exclusion by contending that although their son intended to "hurt" the victim, a mere matter of playground bickering did not rise to the level of intent to bodily injure him, as contemplated in *Altena*. The supreme court agreed with the policyholders. In doing so, it reasoned that "an eleven-year-old boy, animated by an obscure playground snit, lacks the same capacity to formulate an intent to injure that is possessed by an adult, or even a youth of more maturity." *Haht*, at 845.

When the supreme court considered "expected" clause of the policy, it also held in *Haht* that the exclusionary clause did not apply. The term "expected" as used in the exclusionary clause, "denotes that the actor knew or should have known that there was a substantial probability that certain consequences will result from his actions." *Id.* at 845 (quoting with approval *Weber v. IMT Ins. Co.*, 462 N.W.2d 283, 287 (Iowa 1990)). In this respect, substantial probability requires the indicators to be "strong enough to alert a reasonably prudent person not only to the possibility of the results occurring but the indications also must be sufficient to forewarn [that person] that the results are highly likely to occur." *Id.*

In holding in *Haht* that the exclusion did not apply insofar as "expected" is concerned, our supreme court reasoned there was no evidence that the young lad who threw the ball knew or should have known that death would result from the thrown ball. It stated that the tragic consequences in that case were entirely unexpected and that the boy who threw the ball did not intend the tragic injury to the victim.

In reaching its holding in the *Haht* case, the supreme court made a special point of

emphasizing that it was not retreating from its holding in *Altena*. It emphasized that it reached its conclusion under the special circumstances in *Haht*. It concluded by asserting that to apply *Altena* would "grossly overemphasize the vague, uncertain meanderings in the mind of an eleven-year-old child involved in a playground spat."

Thus we believe that in those cases involving issues similar to those at bar, we must start with the established principles of law enunciated in *Altena*. When it is argued the intentional injury exclusion applies, we must focus our attention on determining first whether the insured intended to do the act which caused the injury and, second, whether the insured intended to cause some kind of bodily injury. In the case before us, we conclude that the exclusionary clause does apply and that there is no coverage under the policy.

■ Here, we have a fifteen-year-old boy with a bb gun in hand who shot twice at the victim. There can be little, if any, question that he intended to do the act which he committed. We must next determine whether he intended to cause some kind of bodily injury. Again applying the principles of *Altena*, we believe that it can be inferred as a matter of law that when a person shoots a bb gun at another, there is the intent to cause bodily injury. Some harm is inherent in and inevitably results from such an act. The character of the act of pointing a bb gun at another is such that physical harm can be foreseen as accompanying it.

We distinguish this case from *Haht* in that the firing of a bb gun at another is substantially different than throwing a ball. In *Haht*, the ball was used as an object of the sport the young lads were indulged in. A bb gun in the hands of a fifteen-year-old is much different. Using the *Altena* and *Haht* cases as our guide, we believe the exclusion applies and there is not coverage under the policy.

The appellant has raised one other issue relating to the use of depositions and answers to interrogatories that were taken from Black Hawk County Cause No. 71680. This matter was brought and tried in equity. Thus our review is de novo. We need not address whether such use constitutes error for without those documents, there is sufficient evidence to support our decision.

Costs are assessed to appellee.

REVERSED.